15-1155
*Friedman v. Swiss Re America Holding Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand sixteen.

Present:

> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON ,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

GENE FRIEDMAN,

*Plaintiff-Appellant*,

v.                                                                                              15-1155-cv

SWISS RE AMERICA HOLDING CORP.,

*Defendant-Appellee*.

_____

For Plaintiff-Appellant:          Peter A. Hurwitz, New York, NY.

For Defendant-Appellee:          Susanne Kantor, Greg A. Riolo, Jackson Lewis P.C., White Plains, NY.

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this opinion.

Plaintiff-Appellant Gene Friedman ("Friedman") appeals the March 13, 2015 judgment of the United States District Court for the Southern District of New York (Briccetti, *J*.) granting summary judgment for Defendant-Appellee Swiss Re America Holding Corporation ("Swiss Re"). Friedman alleges unlawful employment discrimination on the basis of religion and age, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA"). We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

We review *de novo* a district court's grant of summary judgment, "constru[ing] the facts in the light most favorable to the non-moving party and . . . resolv[ing] all ambiguities and draw[ing] all reasonable inferences against the movant." *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (quoting *Aulicino v. N.Y.C Dep't of Homeless Servs.*, 580 F.3d 73, 79-80 (2d Cir. 2009)). We uphold a grant of summary judgment "if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." *Global Network Commc'ns, Inc. v. City of New York,* 562 F.3d 145, 150 (2d Cir. 2009).

In both the Title VII and ADEA context, we apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Under this framework, a plaintiff must first establish a *prima facie* case of discrimination by proving: (1) he or she is a member of a protected class; (2) he or she was qualified for the position; (3) he or she

2

suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See id*. at 802. If the plaintiff satisfies his or her burden of establishing a *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment decision. *See id*. at 802-03. When the employer meets its burden, the plaintiff can no longer rely on the *prima facie* case: he or she must prove that the reason presented by the employer was a pretext for unlawful discrimination. *See id*. at 804.

Upon *de novo* review, we conclude that, while the district court correctly granted Swiss Re's motion for summary judgment as to Friedman's Title VII claim, it erred in granting summary judgment as to Friedman's ADEA claim. As to his Title VII claim, Friedman asserts that Swiss Re's articulated reason for discharging him—that the discharge was part of a reduction in workforce ("RIF")—was pretextual, citing an anti-Semitic remark allegedly made by his onetime supervisor Risto Wieland ("Wieland") to another colleague, Frank Bettineschi ("Bettineschi"), who later shared the comment with Friedman. The proposition that Wieland made this anti-Semitic remark was supported solely by Friedman's statement that Bettineschi had told him that Wieland made the remark. Friedman's quotation of Bettineschi as stating that Wieland had made the anti-Semitic remark was proffered for the truth of what Friedman said Bettineschi had told him. Accordingly this was hearsay.

Friedman's ADEA claim, however, is more substantial. First, on an independent review of the record, we are persuaded that he established a *prima facie* case of age discrimination.[1] *See McDonnell Douglas*, 411 U.S. at 802-04 (stating elements of *prima facie* case of discrimination).

---

[1] The district court assumed that Friedman had established such a *prima facie* case. *See Friedman v. Swiss Re Am. Holding Corp.*, No. 11 Civ. 1792, 2015 WL 2330149, at *4 (S.D.N.Y. Mar. 9, 2015).

3

Friedman (1) was 50 years old, (2) was qualified for his position, (3) was fired, and (4) was allegedly replaced by a younger, less qualified employee. Accordingly, he met his "minimal" burden to set out a *prima facie* case of discrimination. *See Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000). At *McDonnell Douglas* step two, we agree with the district court that Swiss Re's RIF constituted a "legitimate non-discriminatory reason" for Friedman's termination. *See Friedman*, 2015 WL 2330149, at *4; *see also Delaney*, 766 F.3d at 168 ("We have previously held that a RIF constitutes a legitimate, nondiscriminatory reason for termination of employment.").

At *McDonnell Douglas* step three, Friedman contends that his inclusion in the RIF was a pretext for unlawful age discrimination. *See Gross v. FBL Financial Services, Inc.,* 557 U.S. 167, 173 (2009) (interpreting the ADEA to require the plaintiff to show that age was a "but-for" cause of his termination). The district court rejected this argument, and concluded that Swiss Re was entitled to summary judgment as to Friedman's ADEA claims. *See Friedman*, 2015 WL 2330149, at *6. We disagree.

The district court erred in two ways. First, it wrongly determined that certain allegedly ageist comments made by Wieland constituted inadmissible hearsay. *See id.* at *5. These statements were nonhearsay, as Friedman did not seek to introduce them for their truth, but instead to show bias on the part of Wieland. *See* Fed. R. Evid. 801(c). Second, the district court failed to consider "the record as a whole, just as a jury would, to determine whether a jury could reasonably find an invidious discriminatory purpose on the part of an employer." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir. 2001). Instead, the district court viewed each piece of evidence in isolation. *See Friedman*, 2015 WL 2330149, at *4-5. For instance, the district court discounted the allegation that Swiss Re replaced Friedman with a younger, less-

4

qualified employee because "the replacement of an older worker with a younger worker or workers does not *itself* prove unlawful discrimination." *Id*. at \*5 (emphasis added) (quoting *Fagan v. N.Y. State Elec. & Gas Corp.*, 186 F.3d 127, 134 (2d Cir. 1999)). But Friedman did not make this allegation in isolation. Instead, he bolstered his case with evidence of ageist comments by superiors at Swiss Re, marshaling statistics indicating that a majority of the employees terminated pursuant to the RIF (31 of 37) were older than 40 years of age, and noting a decline in his end-of-year bonus under Wieland's supervision. Thus, Friedman's "prima facie case, combined with [his] additional evidence of pretext . . . , has created material issues of disputed fact . . . sufficient to survive summary judgment." *Leibowitz v. Cornell Univ.,* 584 F.3d 487, 503 (2d Cir. 2009).

We have considered Friedman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** the March 13, 2015 judgment of the district court for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5